PAUL F. GILLETTE et al., Appellants, v JOHN Q. HOWE, JR., et al., Respondents.—Order and judgment unanimously modified on the law and facts and as modified affirmed without costs, in accordance with the following Memorandum: Plaintiffs appeal from a judgment following a bench trial which dismissed their complaint and set the boundary line

between their property and defendants' property as shown in defendants' survey. The property in dispute is located on the south shore of Murray Island, one of the Thousand Islands in the St. Lawrence River. In their complaint, plaintiffs alleged that a new dock, and a footpath that defendants used to gain access to the water, encroached upon plaintiffs' property. Plaintiffs sought removal of the dock, an injunction against defendants' use of the footpath and money damages for defendants' continuing trespass.

The trial court properly dismissed the complaint. Plaintiffs relied solely upon the testimony of their surveyor to establish the boundary line. Plaintiffs' survey, however, is fatally flawed and inaccurate because it displaces all houses to the east of plaintiffs' property and makes it appear that these houses were built on the wrong lots. Plaintiffs' survey also purports to show that defendants' pumphouse is located, not on the lot the parties had always supposed, but on the footpath. Accordingly, plaintiffs failed to establish a superior claim to the land in question.

The trial court erred, however, in setting the boundary at the western edge of defendants' new dock as set out in defendants' survey. This survey also is inaccurate because it places plaintiffs' house on two lots instead of one and shows another house straddling four lots. On this record, we find that the proper boundary line is two feet to the west of the place where the court set it. That is the boundary agreed upon by defendants and plaintiffs' predecessor in interest when the disputed property was divided in 1982. The agreement set the practical location of the boundary, which, although not conclusive, is presumptive evidence of the boundary's location (see, *Mazzucco v Eastman,* 36 Misc 2d 648, 652, *affd* 17 AD2d 889; *Erie R. R. Co. v Kaplowitz,* 23 Misc 2d 807, 808; 1 NY Jur 2d, Adjoining Landowners, § 142). Plaintiffs have failed to offer any evidence rebutting this presumption.

Accordingly, the order and judgment are modified by establishing the boundary line at a point on the riverbank two feet west of the western edge of defendants' new dock and by deleting any reference to defendants' survey. Otherwise, the order and judgment are affirmed. (Appeal from Order and Judgment of Supreme Court, Jefferson County, Gilbert, J.— Adverse Claims to Real Property.) Present—Dillon, P. J., Boomer, Green, Lowery and Davis, JJ.